UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON HUMES,<br><br>        Plaintiff,<br><br>    v.<br><br>SACRAMENTO COUNTY, et al.,<br><br>        Defendants. | No. 2:18-cv-0241 AC P<br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATIONS |

I.     Introduction

Plaintiff is a Sacramento County Jail inmate proceeding pro se with a civil rights complaint filed pursuant to 42 U.S.C. § 1983, a request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, and two motions for financial assistance. This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c). For the reasons that follow, plaintiff's request to proceed in forma pauperis is granted; his motions for financial assistance are denied; and the undersigned recommends that this action be dismissed without leave to amend, and that this dismissal count as a "strike" under 28 U.S.C. § 1915(g).

II.     In Forma Pauperis Application

Plaintiff has submitted his affidavit and prison trust account statement that make the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff's request to proceed in forma

1

pauperis, ECF No. 4, will be granted. Plaintiff's earlier request, ECF No. 2, was incomplete and will be denied without prejudice.

Plaintiff must pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

### III. Legal Standards for Screening Prisoner Civil Rights Complaint

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly at 555). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to "state a

2

claim to relief that is plausible on its face.'" Iqbal at 678 (quoting Twombly at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly at 557).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

    IV.    Screening of Plaintiff's First Amended Complaint

        A.    Plaintiff's Allegations

The complaint alleges a Fourteenth Amendment Due Process claim against Sacramento County District Attorney Anne Marie Shubert, on the ground that plaintiff was arrested, continues to be detained, and faces trial based on "expired crimes that never happened to begin with." ECF No. 1 at 3. Plaintiff alleges that he was arrested on February 21, 2018, for violation of California Penal Code (PC) § 288 (lewd or lascivious acts upon a child under 14 years of age) that allegedly occurred on January 1, 2005, and "other PC 288's that occurred as late as 1-1-13." Id. Plaintiff appears to concede that PC § 803(g) "would make them all prosecutable" provided the "case" is "certified in Superior Court within one year of the report to law enforcement or a responsible agency," including Child Protective Services (CPS), citing PC § 803(f) ("a criminal complaint may be filed within one year of the date of a report to a California law enforcement agency by a person of any age alleging that he or she, while under 18 years of age, was the victim of a crime described in Section . . . 288"). Id. Plaintiff alleges that "[t]his case was reported to CPS on 12-17-2015. That gave them until 12-17-2016 to certify a case in Superior Court. They didn't even arrest me until 2-21-17!" Id. Plaintiff contends that the Sacramento County District Attorney failed to act with "due diligence to realize the alleged crimes were expired!" Id. Now, asserts plaintiff, he improperly remains detained "with real child rapists and murderers," awaiting trial on

3

1  "expired" crimes. Plaintiff seeks, inter alia, $100,000,000.00 in damages, and "an injunction ordering Sacramento City and County to obey and adhere [to] Kelly v. San Francisco Municipal Court and the City and County of San Francisco (1958)."

The case plaintiff references appears to be Kelly v. Municipal Court of City & County of San Francisco, 160 Cal. App. 2d 38, 44 (1958), in which the First District California Court of Appeal held, sixty years ago, that the sex offender registration requirement under PC § 290 was "criminal in character" and imposed a penalty that would expire upon the defendant's fulfillment of all conditions of probation. However, the California courts have recognized that "Kelly is no longer good law." People v. Hamdon, 225 Cal. App. 4th 1065, 1073 (2014). Specifically, "the subsequent enactment of section 290.5 evinces a legislative determination that the need for registration continues until the registrant obtains a certificate of rehabilitation or pardon." Id. "Indeed the Legislature enacted section 290.1 with Kelly in mind, specifically intending thereby to correct a perceived flaw in the registration statutes which allowed convicted sex offenders to avoid continuing compliance with registration requirements by obtaining an expungement of their convictions." People v. Fioretti, 54 Cal. App. 4th 1209, 1215 (1997).

B.  Analysis

Notwithstanding any changes to California's sex offender registration requirements, the application of which are unclear in this case based on the limited factual allegations of the complaint, it is entirely clear that plaintiff is challenging the authority of Sacramento County District Attorney and her staff to effect plaintiff's arrest and detention and to prosecute plaintiff for alleged state criminal offenses.

Under Younger v. Harris, 401 U.S. 37 (1971), federal courts may not interfere with a pending state criminal case. "Younger abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." San Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose, 546 F.3d 1087, 1091-92 (9th Cir. 2008 (citations and fn. omitted). "[T]he Supreme Court has extended the doctrine to federal cases that would interfere with state civil cases and state administrative proceedings." Id. at 1982 (citing Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc., 477 U.S. 619, 627 (1986)).

Younger abstention is required if four requirements are met: "(1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that Younger disapproves." San Jose Silicon Valley, 546 F.3d at 1092 (citing Gilbertson v. Albright, 381 F.3d 965, 978 (9th Cir. 2004) (en banc), and AmerisourceBergen Corp. v. Roden ("ABC"), 495 F.3d 1143, 1149 (9th Cir. 2007)).

In the instant case, the court finds that all four requirements for exercising Younger abstention are met. The state-initiated criminal proceeding against plaintiff is ongoing; the proceeding implicates important state interests including matters of public safety; plaintiff is not barred from raising federal constitutional challenges in the state criminal proceeding; and this court's failure to abstain would directly interfere with the state proceeding. These factors demonstrate that this court should abstain from considering plaintiff's claims in this federal civil rights action, which should therefore be dismissed.

Equally significant is the fact that the sole named defendant – Sacramento County District Attorney Anne Marie Shubert – is absolutely immune from a civil suit for damages under 42 U.S.C. § 1983. State prosecutors are entitled to absolute prosecutorial immunity for acts taken in their official capacity. See Imbler v. Pachtman, 424 U.S. 409, 430 (1976) ("in initiating a prosecution and in presenting the State's case, the prosecutor is [absolutely] immune from a civil suit for damages under § 1983"). The complaint challenges the District Attorney's conduct in charging and prosecuting plaintiff, acts which are indisputably protected by absolute immunity. The complaint is devoid of factual allegations indicating any conduct by the District Attorney outside the scope of her official capacity, which could conceivably support a cognizable claim.

For these reasons, the undersigned finds that the complaint fails to state a claim uipon which relief can be granted, and that the deficiency cannot be cured by amendment. "A district court may deny leave to amend when amendment would be futile." Hartmann v.CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013); accord Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

Therefore, the undersigned will recommend dismissal of this action with prejudice for failure to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A(b)(1), and for seeking monetary relief from a defendant who is immune from such relief, id. § 1915A(b)(2). The undersigned will further recommend that dismissal of this action count as a "strike" under the "three strikes" rule set forth at 28 U.S.C. § 1915(g).

## V. Motions for Financial Assistance

Plaintiff has filed two motions asking the court to waive the filing fee for this case, ECF No. 5, and to provide plaintiff with $500 per month to "facilitate discovery and other desired advances" in this case, ECF No. 6. Both requests will be denied. Prisoners are required to pay the full filing fee to commence a civil action, see 28 U.S.C. § 1915(b)(1), and the court has no authority to provide funds to pro se litigants for discovery or other litigation expenses.

## VI. Conclusion

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis, ECF No. 4, is granted; plaintiff's earlier request, ECF No. 2, was incomplete and is denied without prejudice.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §1915(b)(1). All fees shall be collected and paid in accordance with this court's order filed concurrently herewith.

3. Plaintiff's motions requesting financial assistance in the pursuit of this action, ECF Nos. 5 & 6, are denied.

4. The Clerk of Court is directed to randomly assign a district judge to this action.

Further, IT IS HEREBY RECOMMENDED that:

1. This action be dismissed without leave to amend for failure to state a claim upon which relief may be granted, 28 U.S.C. § 1915A(b)(1), and for seeking monetary relief from a defendant who is immune from such relief, 28 U.S.C. § 1915A(b)(2).

2. The dismissal of this action should count as a "strike" under the "three strikes" rule set forth at 28 U.S.C. § 1915(g).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 10, 2018

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE